JENNER & BLOCK LLP
Andrew J. Thomas (SBN 159533)
ajthomas@jenner.com
Farnaz M. Alemi (SBN 255836)
falemi@jenner.com
Kirsten C. Jackson (SBN 265952)
kjackson@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Plaintiffs
WARNER BROS. ENTERTAINMENT INC., NEW LINE CINEMA LLC, NEW LINE PRODUCTIONS, INC., METRO-GOLDWYN-MAYER STUDIOS INC., and THE SAUL ZAENTZ COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; NEW LINE CINEMA LLC, a Delaware limited liability company; NEW LINE PRODUCTIONS, INC., a California corporation; METRO-GOLDWYN-MAYER STUDIOS INC., a Delaware corporation; and THE SAUL ZAENTZ COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br>v.<br><br>THE GLOBAL ASYLUM INC. (aka The Asylum), a California corporation,<br><br>Defendant. | Case No. 2:12-cv-09547-PSG-CW<br><br>**PLAINTIFFS' APPLICATION TO FILE CONFIDENTIAL DECLARATION OF SUSANNAH SCOTT UNDER SEAL**<br><br>Honorable Philip S. Gutierrez |

# I. INTRODUCTION

Pursuant to Civil Local Rule 79-5.1, Plaintiffs Warner Bros. Entertainment Inc. ("Warner Bros."), New Line Cinema LLC, New Line Productions, Inc., Metro-Goldwyn-Mayer Studios Inc. ("MGM"), and The Saul Zaentz Company ("SZC") (collectively, "Plaintiffs"), respectfully seek this Court's approval to file the Confidential Declaration of Susannah Scott ("Confidential Scott Declaration") under seal.

# II. GOOD CAUSE EXISTS FOR A SEALING ORDER

## A. Documents May Be Sealed Upon A Showing Of Good Cause.

On application to seal a non-dispositive motion, such as a motion for a temporary restraining order, the Ninth Circuit has held that "'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Additionally, the Federal Rules provide that upon a showing of good cause a court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G).

To determine whether business information is confidential enough to warrant filing under seal, courts consider, among other factors, the value of the information to the business or its competitors. *Bean v. Pearson Educ., Inc.*, CV 11-8030-PCT-PGR, 2012 WL 2929631, at *2 (D. Ariz. July 18, 2012); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting "courts have consistently granted protective orders that prevent disclosures of many types of information").

## B. The Confidential Scott Declaration Contains Sensitive And Confidential Business Information.

The Confidential Scott Declaration sets forth the advertising expenditures by

Plaintiff Warner Bros. in connection with the forthcoming motion picture trilogy based on J.R.R. Tolkien's classic novel *The Hobbit* (collectively, the "*Hobbit*" Films) as well as advertising expenditures for the previously-released motion picture trilogy *The Lord of the Rings*. The Declaration also sets forth specific figures detailing the magnitude of consumer response to these marketing efforts. *See* Confidential Declaration of Susannah Scott, ¶¶ 2-5. Both the advertising and consumer-response figures are highly confidential and proprietary to Warner Bros., which regards information about its extensive marketing efforts for these motion pictures, and the degree of these efforts success, as commercially and competitively sensitive information. *Id.* at ¶ 3.

      Maintaining the confidentiality of this proprietary marketing information is critical to Warner Bros. The information in the Confidential Scott Declaration not only contains confidential marketing data, but also includes information from which competitors may draw conclusions about Warner Bros.' marketing strategies, thought-processes, approaches, and budgets. Such information could be used for improper purposes by Warner Bros.' business competitors, risking injury to Warner Bros.' ability to compete in the marketplace for motion pictures. Courts have found good cause to exist for the sealing of precisely this type of proprietary and competitively sensitive advertising information. *See, e.g., Adidas-Salomon AG v. Target Corp.*, 228 F. Supp. 2d 1192, 1208 n.6 (D. Or. 2002) (in trademark infringement case, noting that plaintiff's advertising costs for relevant product had been submitted under seal); *Bauer Bros. LLC v. Nike, Inc.*, No. 09-CV-500-WGH-BGS, 2012 WL 1899838, at *3 (S.D. Cal. May 24, 2012) (filing of "advertising strategies and business data" under seal was justified because the risk of improper use by competitors "outweigh[ed] the public's interest in disclosure"). Warner Bros.' information in the Confidential Scott Declaration should likewise be protected.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court permit the Confidential Declaration of Susannah Scott to be filed under seal.

Dated: November 21, 2012      JENNER & BLOCK LLP

/s/ Andrew J. Thomas
Andrew J. Thomas

Attorneys for Plaintiffs
WARNER BROS. ENTERTAINMENT INC., NEW LINE CINEMA LLC, NEW LINE PRODUCTIONS, INC., METRO-GOLDWYN-MAYER STUDIOS INC., and THE SAUL ZAENTZ COMPANY