SCOTT A. MEEHAN, ESQ.  Sbn #139314
malibupictures@earthlink.net
23852 Pacific Coast Highway, #299
Malibu, California 90265
(310) 317-0717
(310) 317-0917 fax

Attorney for Defendant and Counter-Claimant
The Global Asylum, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; NEW LINE CINEMA LLC, a Delaware limited liability company; NEW LINE PRODUCTIONS, INC., a California corporation; METRO-GOLDWYN-MAYER STUDIOS INC., a Delaware corporation; and THE SAUL ZAENTZ COMPANY, a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>THE GLOBAL ASYLUM INC. (aka The Asylum), a California corporation,<br><br>                    Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No. 2:12-cv-09547-PSG-CW<br><br>DEFENDANT THE GLOBAL ASYLUM, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT<br><br>JURY TRIAL DEMANDED |

Defendant The Global Asylum, Inc. ("Defendant") for itself and for no other party, by and through the undersigned attorney hereby responds to Plaintiffs' Complaint (the "Complaint") as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits that it is advertising and promoting for sale a DVD titled *Age of the Hobbits*. Except as so admitted, Defendant denies each and every allegation contained therein.

2.  Answering paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

3.  Answering paragraph 3, Defendant denies that "Hobbit" is a fanciful term.  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the other allegations contained therein and, on that basis, denies each and every allegation contained therein.

4.  Answering paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

5.  Answering paragraph 5 of the Complaint, Defendant admits that it has been and is promoting and advertising a low-budget film with the title *Age of the Hobbits*.  Except as so admitted, Defendant denies each and every allegation contained therein

6.  Answering paragraph 6 of the Complaint, Defendant admits that the release date for *Age of the Hobbits* is December 11, 2012, three days prior to the December 14, 2012 theatrical release date for *The Hobbit: An Unexpected Journey*.

7.  Answering paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

8.  Answering paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

9.  Answering paragraph 9 of the Complaint, Defendant admits these

1 | allegations.

2 | 10. Answering paragraph 10 of the Complaint, Defendant admits these
3 | allegations.

4 | 11. Answering paragraph 11 of the Complaint, Defendant is without
5 | sufficient knowledge or information sufficient to form a belief as to the truth of the
6 | allegations contained therein and, on that basis, denies each and every allegation
7 | contained therein.

8 | 12. Answering paragraph 12 of the Complaint, Defendant is without
9 | sufficient knowledge or information sufficient to form a belief as to the truth of the
10 | allegations contained therein and, on that basis, denies each and every allegation
11 | contained therein.

12 | 13. Answering paragraph 13 of the Complaint, Defendant is without
13 | sufficient knowledge or information sufficient to form a belief as to the truth of the
14 | allegations contained therein and, on that basis, denies each and every allegation
15 | contained therein.

16 | 14. Answering paragraph 14 of the Complaint, Defendant is without
17 | sufficient knowledge or information sufficient to form a belief as to the truth of the
18 | allegations contained therein and, on that basis, denies each and every allegation
19 | contained therein.

20 | 15. Answering paragraph 15 of the Complaint, Defendant admits these
21 | allegations.

22 | 16. Answering paragraph 16 of the Complaint, Defendant is without
23 | sufficient knowledge or information sufficient to form a belief as to the truth of the
24 | allegations contained therein and, on that basis, denies each and every allegation
25 | contained therein.

26 | 17. Answering paragraph 17 of the Complaint, Defendant is without
27 | sufficient knowledge or information sufficient to form a belief as to the truth of the
28 | allegations contained therein and, on that basis, denies each and every allegation

1   contained therein.

2        18.   Answering paragraph 18 of the Complaint, Defendant is without

3   sufficient knowledge or information sufficient to form a belief as to the truth of the

4   allegations contained therein and, on that basis, denies each and every allegation

5   contained therein.

6        19.   Answering paragraph 19 of the Complaint, Defendant denies that the

7   term "Hobbit" was created by Professor Tolkien.  With respect to the remaining

8   allegations, Defendant is without sufficient knowledge or information sufficient to

9   form a belief as to the truth of the allegations contained therein and, on that basis,

10  denies each and every allegation contained therein.

11       20.   Answering paragraph 20 of the Complaint, Defendant denies that

12  "Hobbit" is a fanciful term, inherently distinctive, or inextricably connected to the

13  Tolkien Works, the *Lord of the Rings* and *Hobbit* films, or the goods and services

14  offered by SZC and/or its licensees related to the Tolkien Works as well as the *Lord of*

15  *the Rings* and *Hobbit* films. With respect to the remaining allegations, Defendant is

16  without sufficient knowledge or information sufficient to form a belief as to the truth

17  of the allegations contained therein and, on that basis, denies each and every allegation

18  contained therein.

19       21.   Answering paragraph 21 of the Complaint, Defendant is without

20  sufficient knowledge or information sufficient to form a belief as to the truth of the

21  allegations contained therein and, on that basis, denies each and every allegation

22  contained therein.

23       22.   Answering paragraph 22 of the Complaint, Defendant is without

24  sufficient knowledge or information sufficient to form a belief as to the truth of the

25  allegations contained therein and, on that basis, denies each and every allegation

26  contained therein.

27       23.   Answering paragraph 23 of the Complaint, Defendant is without

28  sufficient knowledge or information sufficient to form a belief as to the truth of the

ANSWER TO COMPLAINT

1    allegations contained therein and, on that basis, denies each and every allegation
2    contained therein.

3        24.  Answering paragraph 24 of the Complaint, Defendant is without
4    sufficient knowledge or information sufficient to form a belief as to the truth of the
5    allegations contained therein and, on that basis, denies each and every allegation
6    contained therein.

7        25.  Answering paragraph 25 of the Complaint, Defendant is without
8    sufficient knowledge or information sufficient to form a belief as to the truth of the
9    allegations contained therein and, on that basis, denies each and every allegation
10   contained therein.

11       26.  Answering paragraph 26 of the Complaint; Defendant is without
12   sufficient knowledge or information sufficient to form a belief as to the truth of the
13   allegations contained therein and, on that basis, denies each and every allegation
14   contained therein.

15       27.  Answering paragraph 27 of the Complaint, Defendant is without
16   sufficient knowledge or information sufficient to form a belief as to the truth of the
17   allegations contained therein and, on that basis, denies each and every allegation
18   contained therein.

19       28.  Answering paragraph 28 of the Complaint, Defendant is without
20   sufficient knowledge or information sufficient to form a belief as to the truth of the
21   allegations contained therein and, on that basis, denies each and every allegation
22   contained therein.

23       29.  Answering paragraph 29 of the Complaint, Defendant is without
24   sufficient knowledge or information sufficient to form a belief as to the truth of the
25   allegations contained therein and, on that basis, denies each and every allegation
26   contained therein.

27       30.  Answering paragraph 30 of the Complaint, Defendant is without
28   sufficient knowledge or information sufficient to form a belief as to the truth of the

1    allegations contained therein and, on that basis, denies each and every allegation
2    contained therein.

3              31.  Answering paragraph 31 of the Complaint; Defendant is without
4    sufficient knowledge or information sufficient to form a belief as to the truth of the
5    allegations contained therein and, on that basis, denies each and every allegation
6    contained therein.

7              32.  Answering paragraph 32 of the Complaint; Defendant is without
8    sufficient knowledge or information sufficient to form a belief as to the truth of the
9    allegations contained therein and, on that basis, denies each and every allegation
10   contained therein.

11             33.  Answering paragraph 33 of the Complaint, Defendant is without
12   sufficient knowledge or information sufficient to form a belief as to the truth of the
13   allegations contained therein and, on that basis, denies each and every allegation
14   contained therein.

15             34.  Answering paragraph 34 of the Complaint, Defendant admits that *The*
16   *Hobbit: An Unexpected Journey* is scheduled to be released in theaters in the United
17   States on December 14, 2012.  With respect to the remaining allegations, Defendant is
18   without sufficient knowledge or information sufficient to form a belief as to the truth
19   of the allegations contained therein and, on that basis, denies each and every allegation
20   contained therein.

21             35.  Answering paragraph 35 of the Complaint, Defendant is without
22   sufficient knowledge or information sufficient to form a belief as to the truth of the
23   allegations contained therein and, on that basis, denies each and every allegation
24   contained therein.

25             36.  Answering paragraph 36 of the Complaint, Defendant is without
26   sufficient knowledge or information sufficient to form a belief as to the truth of the
27   allegations contained therein and, on that basis, denies each and every allegation
28   contained therein.

37.  Answering paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

38.  Answering paragraph 38 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

39.  Answering paragraph 39 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

40.  Answering paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

41.  Answering paragraph 41 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

42.  Answering paragraph 42 of the Complaint, Defendant denies that the "HOBBIT Marks" are fanciful and distinctive.  Defendant further denies that the "HOBBIT Marks" have acquired substantial secondary meaning with respect to the titles of the forthcoming *Hobbit* Films.  With respect to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

43.  Answering paragraph 43 of the Complaint, Defendant admits that it is

a film production company and that it distributed *Transmorphers, Sunday School Musical, The Da Vinci Treasure, The Day the Earth Stopped, Snakes on a Train,* and *American Battleship* which, except for *Sunday School Musical,* were released near the time of similarly titled studio films' theatrical release.  Except as so admitted, Defendant denies these allegations.

44.  Answering paragraph 44 of the Complaint, Defendant denies these allegations.

45.  Answering paragraph 45 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

46.  Answering paragraph 46 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

47.  Answering paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

48.  Answering paragraph 48 of the Complaint, Defendant denies these allegations.

49.  Answering paragraph 49 of the Complaint, Defendant admits that *Age of the Hobbits* was filmed during July and August 2012 near Kampor and Kep, Cambodia and that the budget was less than $2 million.  Defendant denies that it filmed *Age of the Hobbits* and denies that it is a "knockoff."  With respect to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

50. Answering paragraph 50 of the Complaint, Defendant admits the first sentence. With respect to the remaining allegations, Defendant denies such allegations.

51. Answering paragraph 51 of the Complaint, Defendant denies these allegations.

52. Answering paragraph 52 of the Complaint, Defendant admits the allegations contained in the first sentence and that the subject film title contains the term "Hobbits. Except as so admitted, Defendant denies the remaining allegations..

53. Answering paragraph 53 of the Complaint, Defendant admits that the term "Hobbits" is contained in the title and that has formerly used a gold stylized font in all-capital letters. With respect to the remaining allegations, Defendant denies all such other allegations

54. Answering paragraph 54 of the Complaint, Defendant denies these allegations.

55. Answering paragraph 55 of the Complaint, Defendant denies these allegations.

56. Answering paragraph 56 of the Complaint, Defendant admits that the "release date" for *Age of the Hobbits* on its website is December 11, 2012, and that such date is three days prior to the American theatrical release of *The Hobbit: An Unexpected Journey*. With respect to the remaining allegations, Defendant denies all such allegations.

57. Answering paragraph 57 of the Complaint, Defendant admits Defendant has chosen to release *Age of the Hobbits* at a time that will maximize the consumer awareness in the subject of "Hobbits." Except as so admitted, Defendant denies these allegations..

58. Answering paragraph 58 of the Complaint, Defendant admits that it began promoting *Age of the Hobbits* on its own website using modified artwork following complaints by Plaintiffs in September of 2012. With respect to the

remaining allegations, Defendant denies all such allegations.

59. Answering paragraph 59 of the Complaint, Asylum admits that the "Alternate Artwork" contains the term "Hobbits" in the title, dragon-like creatures in flight, battle scenes, and a dark, hooded figure holding an illuminated object. Defendant also admits that the "Alternate Artwork" contains a tagline: "They're not Tolkien's Hobbits...They're Real." With respect to the remaining allegations, Defendant denies all such allegations.

60. Answering paragraph 60 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 59, as though fully set forth herein.

61. Answering paragraph 61 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

62. Answering paragraph 62 of the Complaint, Defendant admits that it is using the term "Hobbits" in its film title without the authorization or consent of SZC. With respect to the remaining allegations, Defendant denies all such allegations.

63. Answering paragraph 63 of the Complaint, Defendant denies all such allegations.

64. Answering paragraph 64 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 63, as though fully set forth herein.

65. Answering paragraph 65 of the Complaint, Defendant admits that the HOBBIT Marks, the film title *The Hobbit; An Unexpected Journey*, and the title design and artwork associated with the *Lord of the Rings* films and *The Hobbit; An Unexpected Journey* film and related licensed merchandise, are used in commerce and have acquired secondary meaning in the marketplace. With respect to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

ANSWER TO COMPLAINT

66. Answering paragraph 66 of the Complaint, Defendant denies these allegations.

67. Answering paragraph 67 of the Complaint, Defendant denies these allegations.

68. Answering paragraph 68 of the Complaint, Defendant admits that it knew of the Saul Zaentz Company's ownership and prior use of the HOBBIT Marks prior the commencement of principal photography of the subject film.  Except as so admitted, Defendant denies these allegations.

69. Answering paragraph 69 of the Complaint, Defendant denies these allegations.

70. Answering paragraph 70 of the Complaint, Defendant denies these allegations.

71. Answering paragraph 71 of the Complaint, Defendant denies these allegations.

72. Answering paragraph 72 of the Complaint, Defendant denies these allegations.

73. Answering paragraph 73 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 72, as though fully set forth herein.

74. Answering paragraph 74 of the Complaint, Defendant admits that "the HOBBIT marks" were known to some consumers before Defendant used the term "Hobbits" in the title of the film *Age of the Hobbits* but denies that it is using "the HOBBIT marks.  With respect to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

75. Answering paragraph 75 of the Complaint, Defendant admits that it uses the term "Hobbits" in the advertising and sale of the film *Age of the Hobbits*, which will be sold and rented in DVD form and denies all other allegations contained

ANSWER TO COMPLAINT

therein.

76. Answering paragraph 76 of the Complaint, Defendant denies these allegations.

77. Answering paragraph 77 of the Complaint, Defendant denies these allegations.

78. Answering paragraph 78 of the Complaint, Defendant denies these allegations.

79. Answering paragraph 79 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 78, as though fully set forth herein.

80. Answering paragraph 80 of the Complaint, Defendant denies these allegations.

81. Answering paragraph 81 of the Complaint, Defendant denies these allegations.

82. Answering paragraph 82 of the Complaint, Defendant denies these allegations.

83. Answering paragraph 83 of the Complaint, Defendant denies these allegations.

84. Answering paragraph 84 of the Complaint, Defendant denies these allegations.

85. Answering paragraph 85 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 84, as though fully set forth herein.

86. Answering paragraph 86 of the Complaint, Defendant denies these allegations.

87. Answering paragraph 87 of the Complaint, Defendant denies these allegations.

88. Answering paragraph 88 of the Complaint, Defendant denies these allegations.

89. Answering paragraph 89 of the Complaint, Defendant denies these

ANSWER TO COMPLAINT

1 allegations.

2  90. Answering paragraph 90 of the Complaint, Defendant denies these
3 allegations.

4  91. Answering paragraph 91 of the Complaint, Defendant incorporates its
5 responses to paragraphs 1 through 90, as though fully set forth herein.

6  92. Answering paragraph 92 of the Complaint, Defendant denies these
7 allegations.

8  93. Answering paragraph 93 of the Complaint, Defendant denies these
9 allegations.

10  94. Answering paragraph 94 of the Complaint, Defendant denies these
11 allegations.

12  95. Answering paragraph 95 of the Complaint, Defendant denies these
13 allegations.

14  96. Answering paragraph 96 of the Complaint, Defendant denies these
15 allegations.

16  97. Answering paragraph 97 of the Complaint, Defendant incorporates its
17 responses to paragraphs 1 through 96, as though fully set forth herein.

18  98. Answering paragraph 98 of the Complaint, Defendant denies these
19 allegations.

20  99. Answering paragraph 99 of the Complaint, Defendant denies these
21 allegations.

22  100. Answering paragraph 100 of the Complaint, Defendant denies these
23 allegations.

24  101. Answering paragraph 101 of the Complaint, Defendant denies these
25 allegations.

26  102. Answering paragraph 102 of the Complaint, Defendant incorporates
27 its responses to paragraphs 1 through 101, as though fully set forth herein.

28  103. Answering paragraph 103 of the Complaint, Defendant is without

13
ANSWER TO COMPLAINT

1 sufficient knowledge or information sufficient to form a belief as to the truth of the
2 allegations contained therein and, on that basis, denies each and every allegation
3 contained therein.

4     104.  Answering paragraph 104 of the Complaint, Defendant admits that
5 it uses the term "Hobbits" in the advertising and sale of the film *Age of the Hobbits*,
6 which will be sold and rented in DVD form and denies all other allegations contained
7 therein.

8     105.  Answering paragraph 105 of the Complaint, Defendant denies these
9 allegations.

10     106.  Answering paragraph 106 of the Complaint, Defendant denies these
11 allegations.

12     107.  Answering paragraph 107 of the Complaint, Defendant denies these
13 allegations.

## FIRST AFFIRMATIVE DEFENSE

15     108.  Plaintiffs' claims are barred because Defendant was exercising
16 rights protected by the First Amendment.

## SECOND AFFIRMATIVE DEFENSE

18     109.  Plaintiffs' claims are barred because Defendant's conduct is
19 protected under the doctrines of traditional and/or nominative fair use.

## THIRD AFFIRMATIVE DEFENSE

21     110. Plaintiffs have failed to state a claim upon which relief can be
22 granted.

## FOURTH AFFIRMATIVE DEFENSE

24     111.  Plaintiffs' claim for injunctive relief is barred because there exists
25 an adequate remedy at law and Plaintiffs' claim otherwise fails to meet the
26 requirements for such relief.

## FIFTH AFFIRMATIVE DEFENSE

28     112. Plaintiffs' claims are barred, in whole or in part, by the equitable

ANSWER TO COMPLAINT

doctrines of implied license, laches, estoppel, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

113. Plaintiffs are not entitled to relief because they, and each of them, failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

114. Plaintiff's claim for injunctive relief is barred because there exists an adequate remedy at law and Plaintiff's claim otherwise fails to meet the requirements for such relief.

### EIGHTH AFFIRMATIVE DEFENSE

115. One of more of Plaintiff's claims are barred, in whole or part, by its failure to join one or more necessary and/or indispensable parties.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs, and each of them, take nothing by their Complaint and that the Complaint be dismissed;

2. That Defendant be awarded its costs of suit herein;

3. That Defendant be awarded its attorney's fees incurred;

4. That Defendant be granted such other, further and different relief as the Court may deem just and proper.

Dated: November 28, 2012          SCOTT A. MEEHAN, ESQ.


By: _____
        Scott A. Meehan
Attorney for Defendant and Counter-Claimant
The Global Asylum, Inc.

1

<u>JURY TRIAL DEMANDED</u>

2

The Global Asylum, Inc. respectfully requests a jury trial in this action

3

DATED: November 28, 2012          SCOTT A. MEEHAN, ESQ.

4

5

By: _____

6

Scott A. Meehan
Attorney for Defendant and Counter-Claimant
The Global Asylum, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

I am an active member of the State Bar of California and not a party to this action.

My business address is 2845 Townsgate Road, Suite 200, Westlake Village, California 91361.

On November 28, 2012, I served the foregoing document described as

DEFENDANT THE GLOBAL ASYLUM, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT.

on the parties in this action by placing a true copy thereof in a sealed envelope addressed to the

persons named below:

> Andrew J. Thomas, Esq.
> Jenner & Block, LLP
> 633 West 5th Street, Suite 3600
> Los Angeles, CA 90071

I caused such envelope to be deposited at a facility regularly maintained by the

United States Postal Service with the postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct. Executed on November 29, 2012, at Westlake Village, California.

_____
Scott A. Meehan