Case 2:12-cv-09547-PSG-CW   Document 78   Filed 07/10/13   Page 1 of 16   Page ID #:1382

JENNER & BLOCK LLP
Andrew J. Thomas (SBN 159533)
ajthomas@jenner.com
Lisa J. Kohn (SBN 260236)
lkohn@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Plaintiffs
WARNER BROS. ENTERTAINMENT INC., NEW LINE CINEMA LLC, NEW LINE PRODUCTIONS, INC., METRO-GOLDWYN-MAYER STUDIOS INC., and THE SAUL ZAENTZ COMPANY

LAW OFFICES OF SCOTT A. MEEHAN
Scott A. Meehan (SBN 139314)
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (818) 707-0338
Facsimile: (818) 707-0339

Attorneys for Defendant
THE GLOBAL ASYLUM, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; NEW LINE CINEMA LLC, a Delaware limited liability company; NEW LINE PRODUCTIONS, INC., a California corporation; METRO-GOLDWYN-MAYER STUDIOS INC., a Delaware corporation; and THE SAUL ZAENTZ COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br>v.<br><br>THE GLOBAL ASYLUM INC. (aka The Asylum), a California corporation,<br><br>Defendant. | Case No. 2:12-cv-09547-PSG-CW<br><br>**STIPULATED PROTECTIVE ORDER** |

[Proposed] Stipulated Protective Order

# STIPULATED PROTECTIVE ORDER

The parties in the above-captioned case having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of non-public and competitively sensitive information that may need to be disclosed in connection with discovery in this case, and the parties having stipulated to entry of this Order, and the Court having found that good cause exists:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

1) This Protective Order shall be applicable to and govern all depositions, documents, or electronically stored information produced in response to requests for production, answers to interrogatories, responses to requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action (collectively, "Discovery Materials") that the party or non-party in good faith believes comprise or reflect confidential and/or proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or non-party normally would not reveal to third parties or would cause third parties to maintain in confidence, including without limitation proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

2) Discovery Materials governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation captioned *Warner Bros. Entertainment Inc. et al. v. The Global Asylum, Inc.,* No. 2:12-cv-09547-PSG-CW (hereinafter "this litigation" or "this action"), and such information shall not be disclosed to anyone except as provided herein.

3) Any information or materials produced by any party or non-party as part of discovery in this action may be designated as "Confidential" or "Highly

Confidential" by such party or non-party pursuant to Paragraph 4 of this Protective Order.

    a)    "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and which contains proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

    b)    "Highly Confidential Information" shall include financial information, including cost, pricing, sales, revenue, profit or compensation information; customer, license, supplier, and vendor information; business plans; marketing strategies; trade secrets, as that term is defined under applicable law; and other information that the producing party or non-party reasonably believes is of a highly proprietary or competitively sensitive nature.

4) The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

    a)    In the case of documents, electronically stored information, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each page of any document containing any confidential material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.  The terms "documents" and "electronically stored information" as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as

1 relevant and without limitation, all "writings," "recordings," and "photographs" as
2 defined in Rule 1001 of the Federal Rules of Evidence, and any information stored
3 in or through any computer system or other electronic or optical data storage
4 device.

5       b)    In the case of depositions: (i) by a statement on the record, by
6 counsel, during such deposition that the entire transcript or a portion thereof shall
7 be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by
8 written notice of such designation sent by counsel to all parties within ten (10)
9 court days after the mailing to counsel (via next business day delivery) of the
10 transcript of the deposition.  At or before a deposition, the deponent or his or her
11 counsel, or any other counsel, acting in good faith, may invoke the provisions of
12 this Protective Order in a timely manner, giving adequate warning to counsel for
13 the party or non-party that testimony about to be given is deemed protected under
14 this Protective Order.  Whether or not so designated on the record at deposition,
15 the parties shall treat all deposition testimony as "Confidential" under this
16 Protective Order until the expiration of ten (10) court days after the mailing (via
17 next business day delivery) to counsel of the transcript of the deposition.  Unless
18 specific designations of all or portions of a transcript have been made on the record
19 during the proceeding, or in writing within ten (10) court days after the mailing to
20 counsel (via next business day delivery) of the transcript of the deposition, any
21 confidentiality is waived after the expiration of the 10-day period unless otherwise
22 stipulated or ordered.  The parties may modify this procedure for any particular
23 deposition through agreement on the record at such deposition or otherwise by
24 written stipulation, without approval of the Court.

25       c)    A party or non-party furnishing documents and things to
26 another party for inspection shall have the option to require that all or batches of
27 documents and things be treated as confidential during inspection and to make its
28 designations of particular documents and things at the time copies of documents

and things are produced or furnished.  A party or non-party that desires to proceed in this manner shall inform counsel for all parties in writing before the inspection.

     5)   "Confidential Information" may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

     a)   Outside counsel in this litigation and the staff and supporting personnel of such attorneys, including paralegals, secretaries, clerical employees, and, to the extent necessary, outside copying, imaging, and trial consultants/presentation services, who are working on this litigation under the direction of such attorneys;

     b)   In-house counsel for the parties herein and their parent corporations, if any, who are responsible for the oversight of this litigation and the staff and supporting personnel of such attorneys;

     c)   The parties to this litigation;

     d)   Subject to Paragraphs 8 and 9 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts, provided that the disclosure of "Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

     e)   Subject to Paragraph 9 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

     f)   Witnesses in a deposition or other pretrial proceeding, during the course of their testimony, provided that counsel for a party has a good faith basis to believe that the witness has knowledge of the information or material designated "Confidential" or the specific events, transactions or discussions reflected in the information or material.  Witnesses shown information designated "Confidential" shall not be allowed to retain copies.

  g) Persons who authored, prepared, or received information or material designated "Confidential" under circumstances that do not constitute a violation of the Protective Order.

  h) The Court and Court personnel, court reporters, interpreters, and videographers employed in connection with this action.

 6) "Highly Confidential" Information may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  a) Outside counsel in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging, and trial consultant/presentation services, who are working on this litigation under the direction of such attorneys;

  b) In-house counsel for the parties herein who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

  c) Subject to Paragraphs 8 and 9 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Highly Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

  d) Subject to Paragraph 9 herein, any other persons who are designated to receive material designated "Highly Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

  e) Persons of whom testimony is to be taken during a deposition or other pretrial proceeding, during the course of their testimony, provided that counsel for a party has a good faith basis to believe that the witness has knowledge

of the information or material designated "Highly Confidential" or the specific events, transactions or discussions reflected in the information or material.

        f)      Persons who authored, prepared, or received information or material designated "Highly Confidential" under circumstances that do not constitute a violation of the Protective Order.

        g)      The Court and Court personnel, court reporters, interpreters, and videographers employed in connection with this action.

7)      The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information.  To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (*i.e.*, document or electronically stored information) to all counsel for whom there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court.  The moving party shall, thereafter, within five (5) court days, file the information under seal with the Court and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s).  If the Court is inclined to grant the order, it will notify the aggrieved party and invite briefing before issuing an order.

8)      For purposes of this Protective Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of a party or counsel for a party.  The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or expert must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated under this Order.  The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case.  During that five-day period, counsel for the

1  designating party shall have the opportunity to oppose the proposed disclosure.
2  Any party opposing disclosure shall within such five-day period provide the other
3  party with a written objection, setting forth in reasonable detail the specific
4  grounds for such opposition.  If no written objection is received by 5:00 p.m.,
5  Pacific time, on the fifth day following the date of disclosure of the identity of the
6  proposed consultant or expert, then the party seeking to disclose may do so and
7  failure to object shall constitute waiver of the specific objection.  However, after
8  the five-day period has expired without objection, a party may still move the Court
9  to allow it to object to a consultant or expert if it can show: (i) there is new,
10 material information relating to the consultant or expert that was not available to
11 the moving party within the five-day objection period; and (ii) had the moving
12 party been aware of the information at the time, the moving party would have
13 objected to the consultant or expert.  Such motion shall be made within ten (10)
14 court days of coming into possession of such new, material information relating to
15 such consultant or expert.  In the event such resolution by the Court is necessary,
16 no additional confidential material shall be disclosed to the consultant or expert
17 pending resolution of the issue by the Court.
18         9)     Persons retained or sought to be retained as bona fide consultants or
19 testifying experts, and any other persons who are designated to receive material
20 designated "Confidential" by order of this Court after notice to the parties, or by
21 written stipulation of the parties, shall, prior to receiving such material, be
22 furnished with a copy of this Protective Order, and a copy of the Certification
23 attached as Exhibit A, which the person shall read and sign, unless the Parties have
24 specifically agreed that execution of the Certification is not necessary for such
25 person.  Counsel for the party seeking to disclose material designated under this
26 Protective Order to any such person pursuant to this paragraph shall be responsible
27 for permanently retaining the executed originals of all such Certifications.  Copies
28 of any such Certifications executed by persons retained or sought to be retained as

7
[Proposed] Stipulated Protective Order

1  bona fide consultants or experts shall be provided to counsel for the other parties or
2  affected nonparties upon request, once the consultant or expert has been disclosed
3  in accordance with Paragraph 8.  Copies of any such Certification executed by any
4  other person shall be provided to counsel for the other parties or affected
5  nonparties upon request.

6     10)   The recipient of any material designated under this Order shall use
7  reasonable efforts to maintain the confidentiality of such information.

8     11)   Any third party may obtain protection of this Protective Order by
9  complying with Paragraphs 3 and 4 of this Protective Order regarding designating
10 of materials under the Order.  A party making a discovery request to a non-party in
11 this action shall notify that non-party that the protections of the Protective Order
12 are available to such non-party.

13    12)   All exhibits, pleadings, discovery responses, documents, testimony or
14 other submissions filed with the Court pursuant to this action that have been
15 designated "Confidential" or "Highly Confidential" by any party, or any pleading
16 or memorandum purporting to reproduce, paraphrase, or otherwise disclose such
17 information designated as Confidential Information, shall be marked with the
18 legend "Confidential" and shall be filed pursuant to and in compliance with Local
19 Rule 79-5.1.  If a filing under seal is requested, a written application and proposed
20 order shall be presented along with the document for filing under seal.  The
21 original and judge's copy of the document shall be sealed in separate envelopes
22 with a copy of the title page attached to the front of each envelope.  The
23 application shall request that the Court return the underlying document and the
24 sealed application without filing to the extent the Court denies the application to
25 file under seal.  The party seeking to seal documents must demonstrate for each
26 document or category of documents sufficient grounds to warrant placing the
27 documents under seal.
28

13) A party receiving Discovery Materials designated under this Protective Order may object to such designation in whole or in part at any time, by giving written notice of such objection to the producing party. Within ten (10) court days of receiving such written notice, the producing party shall confer directly (i.e., in person or by telephone) with the receiving party in good faith for the purpose of resolving any such objection. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the objection is not resolved after the parties confer, then any party may request a conference with the Court and/or file a motion to resolve the dispute. Pending the Court's determination, the information subject to dispute shall be treated as subject to the Protective Order. The burden of proving that information has been properly designated under this Protective Order is on the person or entity making the designation.

14) Nothing in this Protective Order shall preclude any party to this litigation or its counsel: (i) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (ii) from disclosing or using, in any lawful manner or for any lawful purpose, any information or documents from the party's own files that the party itself has designated under this Protective Order.

15) Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Protective Order to a non-party pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery

1 request shall assert an initial objection to its production to the extent permitted by
2 applicable law and notify the requesting non-party of the existence of this
3 Protective Order and that the material requested by the non-party has been
4 designated under this Protective Order, and shall further give notice of such
5 request, by facsimile and next business day delivery, upon the party that designated
6 the material within five (5) court days of receiving a formal discovery request as
7 described above, or at least three (3) court days prior to the date on which such
8 confidential material is to be produced to the non-party, whichever is earlier.

9      16)   If a party inadvertently fails to designate material and/or information,
10 it shall not be deemed a waiver in whole or in part of a party's claim of
11 confidentiality, either as to the specific information disclosed or as to any other
12 information relating thereto or on the same or related subject matter.  As soon as
13 the receiving party is notified in writing of the inadvertent production, the
14 information must be treated as if it had been timely designated under this
15 Protective Order, and the receiving party must endeavor in good faith to obtain all
16 copies of the document it distributed or disclosed to persons not authorized to
17 access such information by Paragraphs 5 or 6 herein, as well as any copies made
18 by such persons.

19      17)   Nothing contained in this Protective Order shall: (i) constitute an
20 admission or waiver of any claim or defense by any party; (ii) affect the right of
21 any party to make any objection, claim any privilege, or otherwise contest any
22 request for production of documents, electronically stored information,
23 interrogatory, request for admission, subpoena, or question at a deposition or to
24 seek further relief or protective order from the Court as permitted by the Federal
25 Rules of Civil Procedure; (iii) constitute a waiver by any party of its right to object
26 to or otherwise contest any confidentiality designation by any party or non-party
27 consistent with the terms of this Protective Order and the Federal Rules of Civil
28 Procedure; (iv) affect the right of any party to object to the authenticity or

1 admissibility of any document, testimony, or other evidence subject to this
2 Protective Order; or (v) prevent the parties to this Protective Order from agreeing
3 in writing or on the record during a deposition or hearing in this action to alter or
4 waive the provisions or protections provided for herein with respect to any
5 particular information or material with written or on the record consent of the party
6 disclosing such information.

7    18)   This Protective Order shall not be construed to apply to any
8 information that: (i) is available to the public other than through a breach of this
9 Protective Order or other duty of confidentiality; (ii) a receiving party can
10 demonstrate was already known to the receiving party at the time of disclosure and
11 was not subject to conditions of confidentiality; or (iii) a receiving party can
12 demonstrate was developed by that party independently of any disclosure by a
13 designating party or non-party.

14    19)   This Protective Order shall not apply to the treatment to be given
15 during proceedings in court at any hearing or trial in this litigation to Discovery
16 Materials designated as Confidential or Highly Confidential.  The parties, any
17 party in interest, and/or the witnesses, may move the Court to seal any court
18 proceeding for reasons consistent with this Protective Order, and any such sealing
19 or confidential treatment at hearing or trial shall be subject to subsequent Order of
20 this Court.

21    20)   Within sixty (60) calendar days after the final termination of litigation
22 between the parties (including any appeals or petitions for rehearing or review), all
23 material designated under this Protective Order and all copies thereof  (including
24 summaries and excerpts) shall be either returned to the party that produced it or
25 destroyed and a certification of destruction supplied to the producing party;
26 provided, however, that for each party, counsel who is entitled access to such
27 designated material under Paragraphs 5 or 6 may retain complete and unredacted
28 copies of its work product that contains designated material as well as pleadings

1 and papers filed with the Court or served on the other party.  Reference to
2 designated materials (including such materials in work product or pleadings) shall
3 be made only in the event of further proceedings or litigation between the parties, a
4 dispute over such counsel's performance, a dispute over the use or dissemination
5 of material designated under this Protective Order, or, subject to the provisions of
6 Paragraph 15 of this Protective Order, as required by law.  Such retained copies of
7 pleadings and papers shall be maintained in a file accessible only by properly
8 authorized counsel under the provisions of, and bound by, this Protective Order.
9 This Protective Order shall survive the final termination of this litigation with
10 respect to any such retained confidential material.  The Court is specifically
11 exempted from any return or destruction requirements contemplated by this
12 provision.

13      21)    Inadvertent production of any document produced in response to
14 discovery requests in this action by any party or non-party, that a party or non-
15 party later claims should have been withheld on grounds of a privilege, including
16 the attorney-client privilege or attorney work product doctrine (collectively
17 referred to hereinafter as an "Inadvertently Produced Privileged Document") will
18 not be deemed to waive any privilege or work product protection.  A party or non-
19 party may request the return of any document that it inadvertently produced by
20 identifying the Inadvertently Produced Privileged Document and stating the basis
21 for withholding such document from production.  If a party or non-party requests
22 the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged
23 Document then in the custody of one or more parties, the possessing parties shall
24 within fifteen (15) court days destroy or return to the requesting party or non-party
25 the Inadvertently Produced Privileged Document and all copies thereof and shall
26 make reasonable efforts to expunge from any other document or material
27 information solely derived from the Inadvertently Produced Privileged Document.
28 A party may move the Court for an order compelling production of the document,

but said party may not assert as a basis for the entering of such an order the fact or circumstances of the inadvertent production. Nothing in this Protective Order shall preclude a party from arguing that the production of the allegedly Inadvertently Produced Privileged Document was not inadvertent or that conduct other than the alleged inadvertent production in this litigation constitutes a waiver.

22)   Unless the parties otherwise agree, any dispute concerning the application of this Protective Order shall be heard pursuant to the rules of the Court. The provisions of this Order may be modified at any time by stipulation of all parties and with the approval of the Court. A Party may apply to the Court for modification of this Order pursuant to a regularly-noticed motion.

**IT IS SO ORDERED.**

Dated:   July 10, 2013   _____
　　　　　　　　　　　　　　　The Hon. Carla M. Woehrle
　　　　　　　　　　　　　　　United States Magistrate Judge

IT IS SO STIPULATED.

Respectfully submitted,

DATED: July 10, 2013   JENNER & BLOCK LLP

By: /s/Andrew J. Thomas
    Andrew J. Thomas

Attorneys for Plaintiffs
Warner Bros. Entertainment Inc., New Line Cinema LLC, New Line Productions, Inc., Metro-Goldwyn-Mayer Studios Inc., and The Saul Zaentz Company


DATED:  July 10, 2013   LAW OFFICES OF SCOTT A. MEEHAN

By: /s/Scott A. Meehan
    Scott A. Meehan

Attorneys for Defendant
The Global Asylum, Inc.

EXHIBIT A

# CERTIFICATION

I, _____, certify that I have read the Stipulated Protective Order (the "Order") entered in *Warner Bros. Entertainment Inc. et al. v. The Global Asylum, Inc.,* No. 2:12-cv-09547-PSG-CW, U.S. District Court for the Central District of California, on _____, 2013, and that I understand the terms, conditions, and restrictions it imposes on any person given access to Discovery Materials (as that term is defined in the Order). I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I will not disclose Discovery Materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials.

I consent to be subject to the personal jurisdiction of the U.S. District Court for the Central District of California with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ ___, 20___, at _____.

_____
(Signature)

_____
(Print Name)

_____
(Address)

_____
(Phone)

_____
(Employer/Business)

_____
(Job Title/Description)